### In the Matter of George M. STRECKFUS.

No. 22S00–0605–DI–178.

Supreme Court of Indiana.

July 18, 2006.

### ORDER SUSPENDING RESPONDENT FROM THE PRACTICE OF LAW IN INDIANA

RANDALL T. SHEPARD, Chief Justice.

On May 23, 2006, this Court ordered the respondent, George M. Streckfus, to show cause why he should not be immediately suspended from the practice of law in this state due to his failure to respond to the Indiana Supreme Court Disciplinary Commission's subpoena duces tecum in relation to a grievance filed against him. The order required that the respondent show cause in writing within 10 days of service of the order. The Commission has also moved this Court to impose costs against the respondent, pursuant to Ind.Admission and Discipline Rule 23(10)(f)(5), in the amount of $519.52.

The Court finds that the respondent has not submitted a response to the *Order to Show Cause* dated May 23, 2006. Accordingly, the Court finds that the respondent

should be suspended immediately from the practice of law in Indiana pursuant to Admis.Disc.R. 23(10)(f), and costs assessed against the respondent in the amount of $519.52.

IT IS, THEREFORE, ORDERED that the respondent, George M. Streckfus, is hereby suspended from the practice of law, effective immediately. Pursuant to Admis.Disc.R. 23(10)(f)(4), the suspension shall continue until: 1) the Executive Secretary of the Disciplinary Commission certifies to the Court that he has cooperated with the investigation; 2) the investigation or any related disciplinary proceedings that may arise from the investigation is concluded; or 3) until further order of this Court.

IT IS FURTHER ORDERED that the respondent, George M. Streckfus, pursuant to Admis.Disc.R. 23(10)(f)(5), is to reimburse the Disciplinary Commission $519.52 for the costs of prosecuting this proceeding.

The Clerk of this Court is directed to forward notice of this order to the respondent by certified mail, return receipt requested, at his address as reflected in the Roll of Attorneys. The Clerk of this Court is further directed to issue notice of this order to the Disciplinary Commission.

The Clerk of this Court is directed to give notice of this action pursuant to Admis.Disc.R. 23(3)(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the clerks of each of the United States District Courts and United States Bankruptcy Courts in this state, the respondent's last known address as reflected in the records of the Clerk of this Court.

DICKSON, SULLIVAN, BOEHM and RUCKER JJ., concur.

SHEPARD, C.J., concurs, but I believe that with this repeat offender, subsequent cooperation alone would not suffice to gain automatic reinstatement.